UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

    Plaintiff,

    v.

J. HINDS, et al.,

    Defendants.

CAUSE NO. 3:19-CV-1156-JD-MGG

OPINION AND ORDER

Plaintiff Jerry Chambers filed a section 1983 complaint alleging that the Defendants used excessive force against him. Chambers is incarcerated and not represented by an attorney.

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Chambers is incarcerated, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Chambers alleges that he was in the day room at 4 a.m on May 19, 2019. According to Chambers, Defendant J. Hinds came up to him and handcuffed him. Hinds asked Chambers "what the problem was." (ECF 1 at 2.) Chambers answered that he needed to move out of his cell for fear of getting assaulted by his cellmate to which

Hinds responded: "this is prison and you fight like a man[;] you are not moving [nowhere]." (ECF 1 at 2.) Chambers alleges that Hinds then slammed him on the floor separating his left shoulder and breaking his tooth. Hinds then called for Defendant K. Wood to drag the injured and cuffed Chambers to his cell.

Chambers's complaint alleges excessive force upon a prisoner. The "core requirement" for such claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Slamming a handcuffed inmate to the floor––without any reason––to the point that his shoulder becomes dislocated and he chips a tooth would be malicious and sadistic. And so would the act of then dragging him away and thus inflicting additional pain, instead of providing first aid. Since that is what Chambers is alleging, his claims against Hinds and Wood will be allowed to proceed.

For these reasons, the Court:

1. GRANTS Jerry Chambers leave to proceed against J. Hinds and K. Wood in their individual capacities for compensatory claim that, on May 19, 2019, they used excessive force against him in violation of the Eight Amendment;
2. DISMISSES all other claims;

3. DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) J. Hinds and K. Wood at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

4. ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

5. ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), J. Hinds and K. Wood to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 27, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT