UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HINDS, et al.,<br><br>    Defendants. | CAUSE NO. 3:19-CV-1156-JD-MGG |

OPINION AND ORDER

Jerry Chambers is incarcerated at the Miami Correctional Facility ("MCF"). He was allowed to proceed in this case for claims against Officers J. Hinds and K. Wood who allegedly used excessive force against him on May 19, 2019.

Mr. Chambers filed a second motion asking to be transferred out of MCF. His first motion was denied because it raised claims unrelated to this case. The Court advised Mr. Chambers that, if he wished so, he could file another lawsuit regarding his unrelated claims. Instead, Mr. Chambers filed a second motion, restating—with one exception which the Court will address below—the same allegations: he is not allowed to use the law library, he's not getting proper medical care, his property has been taken, and excessive force has been used against him. The Court has dealt with these allegations already (*see* ECF 7) so it need not repeat itself.[1]

---

[1] Mr. Chambers would like the Court to orders his transfer out of MCF. Prisoner placement is within the discretion of the Indiana Department of Corrections. Prisoners cannot choose their correctional institutions. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

The one new allegation states that, since Mr. Chambers filed this lawsuit, the prison officials have retaliated against him and downgraded him from what should have been a level 2 classification to a level 4. A retaliation claim is related to his underlying lawsuit, but the Court does not construe filings in a piecemeal fashion. If Mr. Chambers wants to add new claims (it's worth repeating that they must relate to the underlying lawsuit), he must amend his complaint which the Court will then screen under 28 U.S.C. § 1915A. Mr. Chambers should be aware that "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward, and, because a plaintiff's new complaint wipes away prior pleadings, the amended complaint opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999). Put simply, after filing an amended complaint, the original complaint has no importance.

If Mr. Chambers amends his complaint, it is important that he provide sufficient factual details to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations

and footnote omitted). For example, if he submits a retaliation claim, he must explain who did what, when, and where so as to be liable to him.

For these reasons, the Court:

1. DENIES Mr. Chambers's motion to transfer (ECF 16);

2. GRANTS Mr. Chambers until **July 31, 2020**, to amend his complaint, if he so wishes;

3. STAYS the case until July 31, 2020; and

4. DIRECTS the clerk to send Mr. Chambers a blank Prisoner Complaint (INND Rev. 8/16) form stamped with the cause number of this case.

SO ORDERED on July 1, 2020

                                              /s/JON E. DEGUILIO
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT