UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS, <br><br> Plaintiff, <br><br> v. <br><br> J. HINDS, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-1156-JD-MGG |

## ORDER

Plaintiff Jerry Chambers is a prisoner. He has filed a request for appointment of counsel. Unlike criminal defendants, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Nevertheless, the court may in its discretion recruit *pro bono* counsel to represent an indigent litigant under 28 U.S.C. § 1915 when the circumstances warrant it. In assessing a request for *pro bono* counsel under 28 U.S.C. § 1915, the court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Mr. Chambers's motion fails the first of the test, so the Court need not consider the second part. Mr. Chambers hasn't shown that he has reasonably tried to retain counsel on his own. He states in his motion that he wrote several attorneys asking to represent him but his letters came back as undeliverable. He didn't then try to get the

correct addresses or write different attorneys; rather, he filed the instant motion. "If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010).

Accordingly, the motion will be denied with leave to refile after Mr. Chambers has sent a copy of this court's screening order (ECF 4) to ten attorneys along with a letter requesting that they represent him. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must list the attorneys he contacted and attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He not only needs to detail all of his education history, but he also needs to provide the court with information about his litigation experience as well. As it stands, Mr. Chambers will continue to proceed with this case pro se.

For these reasons, the court:

(1) DENIES the motion for appointment of counsel (ECF 24); and

(2) DIRECTS the clerk to send Mr. Chambers ten copies of the screening order (ECF 4).

SO ORDERED this August 10, 2020.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge