UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY CHAMBERS,

Plaintiff,

v.                                          CAUSE NO. 3:19-CV-1156-JD-MGG

J. HINDS and K. WOODS,

Defendants.

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, is proceeding in this case against

Sergeant Hinds and Officer Woods on a claim that they violated his Eighth Amendment

rights by using excessive force against him at Miami Correctional Facility on May 19,

2019. ECF 4 at 2. The defendants filed a motion for summary judgment. ECF 44.

Chambers filed a response. ECF 58. Chambers then filed a second response. ECF 65. The

court entered an order striking Chambers' second response because it violated N.D.

Ind. Local Rule 56-1(b) and granting him until July 19, 2021, to file an amended

response to the summary judgment motion. ECF 66. The court cautioned Chambers that

if he did not file an amended response by the deadline, the court would resolve the

summary judgment motion based solely on his original response and nothing in his

second response would be considered. *Id.* This deadline passed over a month ago, and

Chambers has not filed an amended response. Therefore the court will now rule on the

summary judgment motion considering only Chambers' original response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id.* at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*,

2

589 F.3d 887, 890 (7th Cir. 2009).  In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

Here, both parties agree the defendants used force against Chambers to return him to his cell on May 19, 2019, after Chambers had removed his possessions from his cell. ECF 44-1; ECF 58. However, the parties dispute the details surrounding the defendants' use of force.

On one hand, Chambers asserts the defendants picked him up while he was handcuffed, slammed him to the ground, broke his shoulder, and knocked out his teeth. ECF 58 at 1-2. On the other hand, the defendants assert: (1) Chambers submitted to mechanical restraints, but then stood up and charged at a correctional officer who was moving belongings back into his cell; (2) Sgt. Hinds took Chambers to the ground and Chambers remained on the ground and refused to sit up; and (3) Officer Woods assisted Sgt. Hinds in lifting Chambers onto his feet, and Chambers eventually complied and was walked back to his cell. ECF 45 at 2-3.

The defendants argue there are no genuine issues of disputed material fact because Chambers' allegations are refuted by video footage of the incident, which shows their use of force was a routine physical interaction to maintain discipline and return Chambers to his cell. ECF 45 at 4-5. Generally, a court is required to view the facts in the light most favorable to the nonmoving party. *Ogden*, 606 F.3d at 358.

However, when "the evidence includes a videotape of the relevant events, the Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007). Here, the video evidence shows Sgt. Hinds pulled Chambers to the ground after Chambers jumped up and approached another correctional officer. *See* ECF 46, 50. Chambers contends that he did not intend to harm the officer; he was simply trying to avoid returning to his cell. ECF 58 at 1. However, the officers are not expected to know his subjective intent, and Chambers does not dispute that he refused an order to return to his cell. There is no indication Sgt. Hinds used more force than was necessary to ensure the safety of the other correctional officer and maintain order. Sgt. Hinds and Officer Woods then lifted Chambers back to his feet and walked him to his cell. *See* ECF 46, 50. The video evidence shows the defendants used a reasonable amount of force to restore and maintain discipline, and Chambers has offered no evidence the defendants intended to cause him harm. *See Hendrickson*, 589 F.3d at 890.

Chambers also asserts the defendants have a history of institutional violence against inmates, but this does not refute the video evidence showing they used reasonable force on this occasion. *See* ECF 58 at 2; *Goodman*, 621 F.3d at 654. Lastly, Chambers asserts the defendants denied him medical care after the use of force, but that is beyond the scope of the claim on which he was granted leave to proceed. *See* ECF 4 at 2; ECF 58 at 2. Chambers was granted leave to proceed only an excessive-force claim and he did not object to the screening order or attempt to amend his complaint. ECF 4 at

2. Accordingly, because there is no evidence by which a reasonable jury could conclude the defendants used excessive force against Chambers, the defendants are entitled to summary judgment.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 44);

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jerry Chambers.

SO ORDERED on August 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5